## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT F. HOLLINGSWORTH,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0201** (BOR Appeal No. 2047585)
(Claim No. 2011038907)

**UNITED DISPOSAL SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert F. Hollingsworth, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Disposal Services, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2013, in which the Board affirmed an August 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 14, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hollingsworth worked as a truck driver for United Disposal Services, Inc. On April 22, 2011, Mr. Hollingsworth allegedly injured his lower back and his right leg while climbing into a dumpster. Mr. Hollingsworth sought treatment for his lower back and leg at Potomac Valley Hospital. Mr. Hollingsworth underwent a lumbar spine x-ray which was described as revealing diffuse extensive facet joint degenerative changes with severe narrowing at L5-S1 without any evidence of fracture or acute process. At that time, the petitioner was unsure what had triggered his injury.

1

Mr. Hollingsworth then sought treatment from Allison L. Evans-Wood, D.O, who recommended an MRI. Agusto F. Figueora Jr., M.D., reviewed the MRI with Mr. Hollingsworth and advised him that it showed anterolisthesis of the L4 and L5 discs. Mr. Hollingsworth relayed to Dr. Figueora that he did not know what caused his condition but believed that it might be from bouncing around while driving his truck.

On June 14, 2011, Mr. Hollingsworth filed an application for workers' compensation for his injury that allegedly occurred on April 22, 2011. In his application, Mr. Hollingsworth asserted that he hurt his lower back while reaching for a tarp inside of a dumpster. During his deposition, Mr. Hollingsworth asserted that his injury was a result of stepping into a dumpster with uneven ground. Mr. Hollingsworth asserted that when he stepped onto the uneven ground he felt a pinching sensation in his lower back, which precipitated his lower back and leg problems.

The Office of Judges concluded that Mr. Hollingsworth failed to prove by a preponderance of the evidence that he sustained an injury in the course of and resulting from his employment. The Office of Judges noted that Mr. Hollingsworth's representations were both uncorroborated and contained too many contradictions to meet his burden of proof. The Office of Judges also pointed out that Mr. Hollingsworth had some pre-existing low back problems indicated by an MRI, which showed degenerative changes and disc space narrowing of the L4-5 disc. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hollingsworth did not present sufficient credible evidence to demonstrate that he sustained an injury to his lower back and leg in the course of and resulting from his employment. The only evidence that tends to show this injury occurred in the course of and as a result of his employment is his own testimony, which the Office of Judges determined was not credible. Mr. Hollingsworth's testimony is insufficient to support his application for workers' compensation benefits because of the contradictions in the record and the failure to report his accident in a timely fashion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman

2

Justice Menis E. Ketchum
Justice Allen H. Loughry II